# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2152

_____

| | | |
|---|---|---|
| Midwestern Motor Coach Company, a Missouri Corporation, | * * * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| General Electric Company, a New York Corporation; General Electric Capital Corporation, a Delaware Corporation; Partnership Financial Services, Inc., a Delaware Corporation, | * * * * * | [UNPUBLISHED] |
| | * | |
| Defendants, | * | |
| | * | |
| Arkansas Bus Exchange Corporation, an Arkansas Corporation, doing business as America's Bus Superstore of Orlando, LLC, doing business as America's Bus Superstore, | * * * * * | |
| | * | |
| Appellee. | * | |

_____

Submitted: July 16, 2008
Filed: August 7, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Midwestern Motor Coach Company (Midwestern) appeals the district court's[1] order pursuant to Federal Rule of Civil Procedure 54(b) dismissing two of its claims for failure to state a claim under the Motor Vehicle Information and Cost Savings Act (federal odometer act), 49 U.S.C. §§ 32701-32711, and the Missouri Merchandising Act (Missouri odometer act), Mo. Rev. Stat. §§ 407.511-.556. We affirm. See Casino Res. Corp. v. Harrah's Entm't, Inc., 243 F.3d 435, 437 (8th Cir. 2001) (de novo review).

As relevant, Midwestern sought to hold liable Arkansas Bus Exchange Corporation, d/b/a America's Bus Superstore of Orlando LLC, d/b/a America's Bus Superstore (Superstore) for providing a false odometer statement in connection with Midwestern's purchase of a bus from Superstore. We conclude that a plain reading of the federal statute precludes liability on these facts: because it is undisputed that the vehicle at issue here--one weighing over 16,000 pounds--was exempt from the federal odometer act's mileage-reporting requirements, it was likewise exempt from the statute's prohibition against giving false statements when making a required disclosure. See 49 U.S.C. § 32705(a)(1)-(5) (mileage-reporting requirements; prohibition against giving false statement in making "the disclosure required by" regulations promulgated by Secretary of Transportation; authority of Secretary to exempt categories of vehicles); Ernst & Ernst v. Hochfelder, 425 U.S. 185, 200-01 (1976) (in cases of statutory interpretation, language of statute controls if it is sufficiently clear in context); 49 C.F.R. § 580.17(a) (vehicles exempted). Thus, the district court was correct in concluding that Midwestern was not entitled to relief under the federal odometer act.

Similarly, we agree with the district court that Midwestern has no claim under the Missouri odometer act. That act unambiguously states that the mileage-reporting requirements "do not apply" to the category of vehicle at issue here. See Mo. Rev.

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

Stat. §§ 407.536 (disclosure requirements), 407.546 (civil damages), 407.556.2 (exemptions).

We also reject Midwestern's argument that Superstore waived the exemption in the federal odometer act. Even if this court were to recognize a waiver, a waiver requires the voluntary relinquishment of a known right, and here there was no evidence that Superstore knew of the exemption and knowingly waived the right to not disclose the mileage. See Farley v. Benefit Trust Life Ins. Co., 979 F.2d 653, 659 (8th Cir. 1992) (definition of waiver; without evidence of any intention to surrender right, there was no error in district court's rejection of waiver argument). Finally, we find unpersuasive Midwestern's argument that a seller should not be allowed to provide false information and then escape liability for its fraud by relying on the exemptions: fraudulent sellers cannot escape liability because a buyer may still bring suit under common law fraud statutes, which Midwestern did.

Accordingly, we affirm.

_____